**CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION 215, Plaintiff,**

v.

**BOOTZ MANUFACTURING COMPANY, Defendant.**

No. EV 93–143–C.

United States District Court, S.D. Indiana, Evansville Division.

Aug. 20, 1993.

Samuel Morris, Agee Allen Godwin Morris & Laurenzi, Memphis, TN, for Teamsters Local Union 215.

James P. Casey, Bowers Harrison Kent & Miller, Evansville, IN, for Bootz Mfg. Co.

## TEMPORARY RESTRAINING ORDER

BROOKS, Chief Judge.

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order prohibiting Defendant from implementing its drug testing policy. The parties appeared by counsel in person on 13 August 1993 and by telephone on 16 August 1993.

It is undisputed that the parties are signatories to a collective bargaining agreement and that the current dispute is subject to the arbitration provisions of that collective bargaining agreement. It is also undisputed that the parties have agreed to expedited arbitration. Since there are no Seventh Circuit cases directly on point, the Court will look to other circuits. While there is a conflict between the Second Circuit [1] and Tenth Circuit cases cited, the Court is persuaded by *Local 2–286 v. Amoco Oil,* 885 F.2d 697, 707 (10th Cir.1989) ("In light of the invasion of privacy threatened by Amoco's testing program, and the potential for stigmatization and humiliation of its employees, we do not believe that an arbitral award of reinstatement and backpay could make affected employees whole.").

Pursuant to 29 U.S.C. § 107 the Court makes the following findings: (a) Defendant has unilaterally implemented a policy which is subject to arbitration, (b) substantial and irreparable injury will follow if the policy was improperly implemented, (c) the injury to the Defendant by delaying implementation is less than that to the Plaintiff if the policy is implemented, (d) the Plaintiff has no adequate remedy at law, (e) local officials are unable to prevent the implementation of the policy.

The Court being duly advised and of the opinion that a temporary restraining order should issue, it is

ORDERED that Bootz Manufacturing Company is restrained from implementing its drug testing policy for a period of ten days, and

ORDERED that the parties proceed with expedited arbitration of this matter.

---

1. *Niagara Hooker Emp. Union v. Occidental*   *Chemical,* 935 F.2d 1370 (2nd Cir.1991).